Joe Allen GRIFFITH et al., Appellant,

v.

The STATE of Texas, Appellee.

No. 42556.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Rehearing Denied Feb. 25, 1970.

Irwin & Irwin, by T. K. Irwin, Jr., Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is a bond forfeiture proceeding. Appellant concedes that his contention, brought forward on appeal, is one of first impression in this State. This is a misdemeanor bond in the sum of $350.00. The sureties, sometime after the execution of the bond, learned that their principal had absented himself and "gone to California." They executed an affidavit to be relieved of liability under the bond, secured a warrant for their principal's arrest, and placed the same in the hands of the sheriff, who informed them that he would not institute extradition except upon an indictment. The sureties then secured the cooperation of the office of the district attorney, and the matter was submitted to the grand jury in the hope of securing an indictment, but the grand jury declined to return an indictment. Sureties informed the sheriff and the district attorney that they wished them to proceed with the extradition proceedings; apparently nothing further was done. Judgment *nisi* was made final.

Reliance is had upon the opinion of the Supreme Court of Missouri in State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927. In this case, the efforts of the sureties to secure the return of their principal to the State of Missouri, to stand charge to the offense of murder, were thwarted by State and Federal Officials in the State of Louisiana. The Missouri Court reversed, because the trial court in that case was of the opinion that under the law he had no discretion to reduce the penalty. Such court held that under the Missouri statutes, he did have the discretion, and reversed so that the trial court would have an opportunity to exercise such discretion.

Though persuasive, such holding is not authoritative. This Court is not prepared to hold that where the principal voluntarily absents himself from this State, that the sureties may exonerate themselves by merely urging the sheriff to seek extradition.

The judgment forfeiting the bond is affirmed.